Tagged

ORDERED in the Southern District of Florida on  01/21/10  .



_Raymond B. Ray_
Raymond B. Ray, Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
Broward Division

| | |
|---|---|
| In re: | Case No. 09-28603-BKC-RBR |
| GERARDO GARCIA and<br>SILVIA PEREZ GARCIA, | Chapter 13 |
| Debtors.<br>_____/ | |

### ORDER DENYING MOTION TO DETERMINE TIME PERIOD FOR CMI AND TO WAIVE REQUIREMENT OF FILING SCHEDULES I, J, AND FORM B22C WITHOUT PREJUDICE

THIS MATTER came before the Court for hearing on December 17, 2009, upon the Motion to Determine Time Period for CMI and to Waive Requirement of Filing Schedules I, J, and Form B22C (the "Motion") [D.E. 18], filed by Gerardo Garcia and Silvia Perez Garcia ("Mrs. Garcia" and, collectively with Gerardo Garcia, the "Debtors"). Trustee Robin Weiner was present at the hearing and opposed the Motion but did not file a written response. For the reasons delineated below, the Court will deny the Motion.

#### Background and Procedural History

The Debtors filed a joint, voluntary petition for relief under chapter 13 of the Bankruptcy Code (the "Petition") [D.E. 1] on September 1, 2009. The Debtors filed Schedules A through H with the Petition but did not file Schedules I, J or Form B22C.

The Debtors filed the Motion on September 14, 2009. The Motion states that one of the

Debtors – counsel for the Debtors later explained that the Motion refers to Mrs. Garcia – last received a payment advice on May 15, 2009 and is no longer working. In light of this, the Motion requests that the Court determine the six month period used to calculate the Debtors' current monthly income ("CMI") begins on May 16, 2009, and, in conjunction therewith, the Court waive the requirement to file Schedules I, J and Form B22C.

## Analysis

11 U.S.C. § 101(10A) defines "current monthly income" as the average monthly income from all sources that the debtor receives, derived during a six month period ending on either: (i) the last day of the calendar month preceding the petition date if the debtor files a schedule of current income, or (ii) the date on which the court determines current income "for purposes of this title" if the debtor does not file a schedule of current income. 11 U.S.C. § 521(a) states that the debtor shall file a schedule of current income and expenditures unless the court orders otherwise. Read together, these provisions potentially allow a debtor to not file a schedule of current income (otherwise known as Schedule I) and derive CMI from a time period determined by the court. A debtor normally pursues this option when the CMI determined from the six month period preceding the petition date does not provide an accurate reflection of the debtor's current income. *In re Dunford*, 408 B.R. 489, 493 (Bankr. N.D. Ill. 2009).

As § 101(10A)(A)(ii) states, however, a court must determine the date on which CMI is determined "for purposes of this title." If the Debtors had a significant, involuntary decrease in their income during the six months prior to the petition date and had to calculate their CMI from that time period, their plan would not be feasible.[1] *See In re Hoff*, 402 B.R. 683, 686 (E.D.N.C.

---

[1] 11 U.S.C. § 1325(b) includes CMI in its definition of "disposable income." Should the holder of an unsecured claim object to the confirmation of a plan, one way the court may still approve the plan is if the plan provides that "all of the debtor's projected disposable income to be received…will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(B)(1)(B) (2010); *see also In re Neclerio*, 393 B.R. 784 (S.D. Fla. 2008).

2009).  Feasibility of a plan is a fundamental aspect of the title 11.  *See id.*  This consideration allows the Court, pursuant to § 101(10A)(A)(ii), to fix a different date from which to determine the CMI of the Debtors.

Additionally, because CMI can determine whether a chapter 13 plan is confirmable, the Court agrees with and adopts the findings of other bankruptcy courts that have supported the application of a good faith standard to a debtor's request to reset the six month period under which CMI is calculated.[2]  *See In re Dunford*, 408 B.R. at 495–96; *In re Hoff*, 402 B.R. at 686–87.  Generally speaking, a basic inquiry of good faith should be whether or not there has been an abuse of the provisions, purpose, or spirit of the Bankruptcy Code in the underlying case.  *In re Hoff*, 402 B.R. at 686 (*citing In re Deans*, 692 F.2d 968 (4th Cir. 1982)).  In cases where the debtor loses their job less than six months prior to the petition date, factors indicative of a good faith request to modify CMI include whether the modified CMI accurately reflects the financial situation of the debtor while taking into account education, work experience, and efforts to regain employment.  *See Dunford*, 408 B.R. at 496; *In re Hoff*, 402 B.R. at 687.

Counsel for the Debtors has not adequately provided the above information to the Court through either the Motion or oral argument at the hearing.  The Court has outstanding questions regarding, *inter alia*, Mrs. Garcia's work experience and efforts to regain employment, and the effect that a modified CMI would have on the Debtors' plan.  In view of the foregoing, it is

**ORDERED** that the Motion is **DENIED WITHOUT PREJUDICE**.

###

Clerk shall furnish copies to:

Debtors
Laila Gonzalez, Esq.
Robin Weiner, Trustee

---

[2] 11 U.S.C. 1325(a)(3) requires that a chapter 13 plan be "proposed in good faith and not by an means forbidden by law[.]"